Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
David R. Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GRANTSMANSHIP CENTER, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GRANT WRITING USA, INC., a Nevada Corporation; DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><br>Jury Trial Demanded |

Plaintiff, The Grantsmanship Center, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1
COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff The Grantsmanship Center, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 350 South Bixel Street, #110, Los Angeles, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Grand Writing USA, Inc. is a corporation organized and existing under the laws of the State of Nevada with its principal place of business located at 4060 Dustin Avenue, Las Vegas, Nevada and is doing business in and with the State of California including in this judicial district.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and

every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTS REGARDING PLAINTIFF'S CLAIMS

8. The Grantsmanship Center helps private and public nonprofits plan effective programs, write logical, compelling grant proposals, and create earned income opportunities. In 1979, The Grantsmanship Center's founder, Norton J. Kiritz, pioneered an approach to writing grant proposals and published Plaintiff's original *Program Planning & Proposal Writing* text in the May/June 1979 edition of The Grantsmanship Center News magazine (the "Text"). The Text was registered with the United States Copyright Office in 1979.

9. In 1980, Plaintiff re-printed the Text as a pamphlet which became a centerpiece of its business.

10. The Text is an original work owned in exclusivity by Plaintiff and has been widely used and distributed as a centerpiece of its business helping its customers obtain grants throughout the United States.

11. Defendant Grantwriting USA sells and disseminates written materials in conjunction with seminars it holds on "grant writing" technique and is a competitor of The Grantsmanship Center. Plaintiff is informed and believes that Grantwriting USA charges its customers for seminar attendance and for written materials sold and/or used at said seminars, and that Defendant has been distributing written materials which include substantial and verbatim copies of Plaintiff's proprietary Text in conjunction with its seminars.

12. Plaintiff is informed and believe and thereon alleges that Defendants and DOE Defendants exploited the Text without authorization, including without limitation, by copying and using verbatim portions of the Text in their written materials which were disseminated and/or sold to their customers in hard copy and/or digital format (the "Accused Text").

13. The Accused Text contains straightforward verbatim copies of significant portions of Plaintiff's Text. A side by side comparison showing those portions of the Text taken by Defendants and used in the Accused Text is attached hereto as Exhibit A and is incorporated by reference.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

14. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Text, including, without limitation, through lawfully distributed copies of the Text at Plaintiff's seminars.

16. Defendants, and each of them, used, displayed and distributed text that was copied from the Text, exploiting said portions of the Text in connection with the marketing, promotion, advertising and selling of their products and services, including the Accused Text and seminars.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed its copyrights by creating direct copies of, and infringing derivative works from, significant portions of the Text, and sold the infringing works (including the Accused Text) and by using the infringing works in marketing, advertising, and selling of their respective products and services, and in an attempt to enhance their sales.

18. Defendants, and each of them, infringed Plaintiff's rights by copying and displaying significant portions of the Text without authorization or consent.

19. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution and display of portions of the Text as alleged hereinabove.

20. Plaintiff is informed and believes and thereon alleges that certain Defendants are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

21. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits from their infringement of Plaintiff's rights in the Text. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Text in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them to enhanced statutory damages and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, their agents and employees be enjoined from using the Text or any portions thereof in any manner;

b. That Plaintiff be awarded all profits of Defendants plus all its losses, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the

Copyright Act, 17 U.S.C. § 101 *et seq.*, and/or an order precluding Defendants from asserting certain affirmative defenses and cost deductions;

   c. That Plaintiff be awarded its attorneys' fees as available under applicable law;

   d. That Plaintiff be awarded its costs as available under applicable law;

   e. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

   f. That Plaintiff be awarded pre-judgment interest as allowed by law; and

   g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: May 26, 2017　　　　　By: */s/ David Shein*
Stephen M. Doniger, Esq.
David R. Shein, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
The Grantsmanship Center, Inc.